JODI SIEGNER, Bar No. 102884
Email Address: jsiegner@deconsel.com
a member of
DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

ATTORNEYS FOR PLAINTIFFS, CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>LAKEVIEW CONCRETE & MASONRY, INC., a California corporation, doing business as LAKEVIEW BUILDERS; and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS |

**JURISDICTION**

1. This is a civil action to recover fringe benefit contributions. This action arises and jurisdiction of the court is founded as to Section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145.

///

**FIRST CLAIM FOR RELIEF**

**(DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS)**

**PARTIES AND OTHERS**

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when they have been ascertained.

6. At all relevant times Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times the Construction Industry Advancement Fund of

Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8. At all relevant times the Carpenters-Contractors Cooperation Committee ("CCCC"), was and is a non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

9. CSAC is the administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, and the Carpenters-Contractors Cooperation Committee (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11. Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are a party to the collective bargaining agreements involved.

12. At all relevant times employer, LAKEVIEW CONCRETE & MASONRY, INC., a California corporation, doing business as LAKEVIEW

BUILDERS; and DOES 1 through 10, inclusive, ("EMPLOYER") was a contractor engaged in the construction industry within the jurisdiction of the relevant UNIONS.

**OPERATIVE ALLEGATIONS**

13. On or before November 3, 2003, EMPLOYER became an eligible member of the Associated General Contractors of California, Inc. ("AGCC") (The Membership letter is attached hereto as Exhibit "1" incorporated herein by reference).

14. As a member of the AGCC, EMPLOYER has authorized the association to enter into and sign a collective bargaining agreement ("AGCC AGREEMENT") on behalf of LAKEVIEW CONCRETE & MASONRY, INC., a California corporation, doing business as LAKEVIEW BUILDERS and has agreed in writing to be bound by all the terms of the AGCC AGREEMENT and the PLANS' agreements and any amendments, modifications, extensions, supplementations or renewals of the PLANS' agreements ("PLANS' AGREEMENT") as a condition of membership in the AGCC AGREEMENT.

15. The PLANS are third party beneficiaries of the AGCC AGREEMENT and Master Labor Agreements.

16. The AGCC AGREEMENT requires EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGCC AGREEMENT, and on account of all compensation paid to employees performing services covered by the AGCC AGREEMENT.

17. The AGCC AGREEMENT requires EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGCC AGREEMENT

specifically provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the County of Los Angeles.

18. In acknowledging both that the regular and prompt payment of employer contributions is essential to the maintenance of the PLANS, and the extreme difficulty, if not impracticability, of fixing the actual expense and damage to the PLANS when such monthly contributions are not paid when due, the AGCC AGREEMENT provides that the amount of contractual damages to the PLANS resulting from a failure to pay contributions when due shall be presumed to be the sum of $30.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater. This amount shall become due and payable to the CSAC as liquidated damages in addition to the unpaid contributions or contributions paid late.

19. EMPLOYER engaged workers who performed services covered by the AGCC AGREEMENT and who performed labor on works of construction within the jurisdiction of the AGCC AGREEMENT undertaken by EMPLOYER during the term of the AGCC AGREEMENT.

20. EMPLOYER has failed to pay the fringe benefit contributions in the manner prescribed by the AGCC AGREEMENT, and there is now due and owing the PLANS from EMPLOYER the amounts set forth in Exhibit "2".

21. The AGCC AGREEMENT requires EMPLOYER to pay for the expense of auditing EMPLOYER business records if an audit by the PLANS indicates that EMPLOYER failed to report and pay all contributions. A true and correct copy of Audit Invoice is attached as Exhibit “3".

22. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGCC AGREEMENT, EMPLOYER is liable for interest on the unpaid contributions from the first of the month following the date due, at the rate prescribed by the AGCC AGREEMENT.

23. As a result of the failure to pay fringe benefit contributions in the

manner prescribed by the AGCC AGREEMENT, EMPLOYER is liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated damages provided for under the AGCC AGREEMENT.

24. It has been necessary for PLAINTIFFS to engage counsel to bring this action to recover the delinquent fringe benefit contributions. Pursuant to the AGCC AGREEMENT and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this matter.

25. The PLANS have complied with all conditions precedent.

26. CSAC has, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

**FOR PLAINTIFFS' CLAIM FOR RELIEF**

**(DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS)**

1. For unpaid contributions in the sum of $12,322.49;

2. For interest and liquidated damages, as provided in the AGCC AGREEMENT;

3. For audit costs;

4. For a statutory amount equal to the greater of the interest on unpaid contributions which were owing as of the time of the filing of the complaint herein (at the rate prescribed by law), or liquidated damages as provided in the AGCC AGREEMENT, in an amount to be determined.

///

///

///

5. For reasonable attorneys' fees;

6. For costs of this action;

7. For further contributions according to proof; and

8. For such other and further relief as the court deems proper.

Dated: April 4, 2017

DeCARLO & SHANLEY,
a Professional Corporation

By: [signature]
JODI SIEGNER
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION
and BOARD OF TRUSTEES FOR THE
CARPENTERS SOUTHWEST TRUSTS